1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOAGF Holdco LP, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.  2:22-cv-07859-JLS-PD<br><br>STIPULATED PROTECTIVE ORDER[1] |

1.    A. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be  warranted. Accordingly, the parties  hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Patricia Donahue's Procedures.

**Error! Unknown document property name.**

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

Plaintiff's Complaint alleges that Defendant Transamerica Life Insurance Company breached the terms of an insurance policy belonging to Plaintiff, and a putative class of other insurance policies, when it (1) increased Monthly Deduction Rates ("MDRs") even though no future cost factors have changed materially for the worse, and (2) increasing MDRs to recoup past losses.  Defendant denies these allegations.

Discovery into Plaintiff's allegations may result in the production of documents that disclose confidential information, including personal identifying and health information for individual insureds.  Moreover, discovery may result in the production of what Defendant contends includes confidential proprietary and/or trade secret information, including, purely by way of example, Defendant's actuarial methodologies, MDR determination processes, pricing, and profitability for the policies at issue.  Defendant takes the position that it incurred significant costs and expenses in developing and maintaining this highly proprietary information and if it were disclosed to Defendant's competitors it would provide them an unfair advantage.  It is, according to Defendant, Defendant's policy not to disclose these confidential materials, and Defendant takes the position that it treats such information as confidential in the ordinary course of business, strictly limits disclosure to employees who need to know the information to do their jobs, and prohibits those employees from public disclosure of the information.  The Order, permitting both "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designations, is required to ensure that competitively sensitive information relating to Defendant's performance and operations is not released to the public and competitors, and to ensure that sensitive information

Error! Unknown document property name.

1    pertaining to individual insureds is not released on the public docket.

2         C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

3         The parties further acknowledge, as set forth in Section 12.3, below, that this

4    Stipulated Protective Order does not entitle them to file confidential information

5    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

6    the standards that will be applied when a party seeks permission from the court to

7    file material under seal.

8         There is a strong presumption that the public has a right of access to judicial

9    proceedings and records in civil cases. In connection with non-dispositive motions,

10   good cause must be shown to support a filing under seal. See Kamakana v. City and

11   County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors

12   Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics,

13   Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

14   good cause showing), and a specific showing of good cause or compelling reasons

15   with proper evidentiary support and legal justification, must be made with respect to

16   Protected Material that a party seeks to file under seal. The parties' mere designation

17   of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not—without the

19   submission of competent evidence by declaration, establishing that the material

20   sought to be filed under seal qualifies as confidential, privileged, or otherwise

21   protectable—constitute good cause.

22        Further, if a party requests sealing related to a dispositive motion or trial, then

23   compelling reasons, not only good cause, for the sealing must be shown, and the

24   relief sought shall be narrowly tailored to serve the specific interest to be protected.

25   See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each

26   item or type of information, document, or thing sought to be filed or introduced under

27   seal in connection with a dispositive motion or trial, the party seeking protection

28

3

must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   DEFINITIONS

2.1   Acknowledgment: the "Acknowledgment and Agreement to be Bound" form attached as Exhibit A to this Order.

2.2   Action: This pending federal lawsuit, entitled *BOAGF Holdco LP v. Transamerica Life Insurance Company*, Case No. 2:22-cv-7859-JLS-PD (C.D. Cal.).

2.3   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including without limitation: (1) information protected pursuant to Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other privacy statute, such as the California Right to Financial Privacy Act; and (3) information protected by an existing contractual obligation requiring the Designating Party to maintain the confidentiality of the information. Nothing in this paragraph shall preclude a Party from redacting personal information, including social security numbers or dates of birth, as required by governing law or

4

contract or otherwise pursuant to the applicable policies of the Party.

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel, as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.   This definition includes a professional jury or trial consultant retained in connection with this Action.

2.9     "HIGHLY   CONFIDENTIAL-ATTORNEYS'   EYES   ONLY" Information or Items:   Extremely sensitive "Confidential" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this Action, any affiliate thereof, or of any entity that owns an interest in a Party and is responsible for controlling, directing, or advising on the Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Error! Unknown document property name.

2.12   <u>Outside Counsel of Record</u>: attorneys, as well as their support staff (including but not limited to paralegals, secretaries, law clerks, and investigators), who are not employees of a Party but are retained by a Party to represent or advise a Party to this Action and (1) have appeared in this Action on behalf of that Party, or (2) are affiliated with a law firm which has appeared on behalf of that Party.

2.13   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: persons or entities that provide   litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2   However, the protections conferred by this Stipulation and Order do not

6

cover the following: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party—though this provision does not apply to materials previously produced by Defendant to Plaintiff pursuant to Federal Rule of Evidence 408; and (3) any information obtained outside of litigation with the consent of the Producing Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.3    Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

3.4    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the written consent of the Designating Party or by order of the Court in accordance with Civil Local Rule 79-5.

3.5    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

3.6    Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

**Error! Unknown document property name.**

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. If only a portion or portions of material, documents, items, or oral or written communications qualify under this Order, the Designating Party, to the extent practicable, shall designate only the portion or portions for protection - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. For purposes of clarity, however, a Party may designate an entire document if a portion of that document qualifies for protection under this Order.  Such designation shall not, however, automatically extend to any attached or related documents unless those documents separately qualify for protection.

A Designating Party shall not make unjustified designations or designations for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties).

**Error! Unknown document property name.**

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the asserted level of protection, that Designating Party must within a reasonable time notify all other Parties that it is withdrawing the mistaken designation and re-produce material with the correct designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

Error! Unknown document property name.

CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. Such designations shall be made in accordance with the provisions of this Order, including, but not limited to, Paragraph 5.1.

(b) for testimony given in depositions, that any party or testifying persons or entities designate relevant portions of the testimony or exhibits "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" either on the record before the close of the deposition or in writing to all Outside Counsel of Record on or before the later of (1) thirty (30) days after receipt of the final transcript, or (2) the deadline for submission of errata and/or the deponent's signature. Only those portions of the testimony that are designated for protection shall be covered by the provisions of this Order. If any portion of a videotaped deposition is designated, the original and all copies of any videocassette, videotape, DVD or other media container shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If no designation is made within the time period above, the transcript shall be considered not to contain any Protected Material.

Transcript pages containing Protected Material must have affixed to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as instructed by the Designating Party.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material, so long as so designated by the Producing Party pursuant to Section 5.4(b). Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's Counsel, any person who is not authorized by this Protective Order to receive or access protected Material based on the designation of such

Error! Unknown document property name.

Protected Material, unless that person signs the Acknowledgment. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)   for all other information or tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such designation shall be made in accordance with the provisions of this Order, including, but not limited to, Paragraph 5.1.

5.3   <u>Inadvertent Failures to Designate</u>. If a Producing Party discovers that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information or items that it produced were not designated as Protected Material, the Producing Party may notify all other Parties of the error and identify the affected information or items and their new designation. Thereafter, the information or items so designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Receiving Parties' option, all Discovery Material reasonably accessible to the Receiving Party that was not designated properly. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

Error! Unknown document property name.

5.4   <u>Protected Health Information</u>. Additionally, certain Confidential Information or Items may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 C.F.R. 160.103. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual. All "covered entities" (as defined by 45 C.F.R. 160.103) are hereby authorized to disclose PHI to all attorneys now of record in this Action or who may become of record in the future in this Action. Subject to the Federal rules of Civil Procedure, and without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the claims at issue in this Action, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information pursuant to this Order. A Receiving Party which receives PHI in discovery shall not use or disclose such PHI for any purpose other than this Action. To the extent documents or information produced in this Action have already been exchanged or will again be exchanged between the Parties in the normal course of business, treatment of such documents prior to or after the conclusion of this Action shall be governed by this Order.

5.5   <u>Specific Provisions Concerning the Disclosure of Personally Identifiable Information ("PII")</u>. When PII (*e.g.*, names, addresses, Social Security numbers, phone numbers, etc.) is disclosed between the Parties as authorized by this Order, the PII of each individual whose claims are not at issue in this Action and who are otherwise identified in the Discovery material may either be redacted to

12

**Error! Unknown document property name.**

protect the identify of such individuals, or produced without redactions. Upon receipt of any PII, a Receiving Party shall take all reasonable measures necessary for protecting the PII from unauthorized disclosure as required under both state and federal law.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Party does not waive its right to challenge a confidentiality designation by not challenging a designation promptly after the original designation is disclosed.

    6.2    Procedure. The Challenging Party shall initiate the dispute resolution process by serving upon counsel for the Designating Party a written notice stating the grounds of the objection consistent with Local Rule 37.1 et seq.  The Parties and/or Non-Parties shall make a good faith effort to resolve any disagreement concerning the confidentiality designations. If the Parties and/or non-parties cannot resolve the matter within fourteen (14) days of the written notice, the Designating Party must e-mail the chambers of Magistrate Judge Donahue, pursuant to her procedures, and thereafter, a motion to the Court for resolution pursuant to Local Rule 37-2 if so ordered.

    6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

13

Action only for prosecuting, defending, or attempting to settle this Action or related appellate proceeding, and not for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, including attorneys who are principals of, employed by, or working for said Outside Counsel of Record, as well as non-attorney employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, including officers, directors, and employees (including House Counsel and their paralegal and litigation support staff) of the Receiving Party to whom disclosure is reasonably necessary for this Action, as well as the Receiving Party's parents and affiliates and their respective officers, directors, consultants, advisors, insurers, and/or reinsurers (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the Acknowledgment;

(c) Experts (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such work and provided that (1) such Expert has signed the Acknowledgment; and (2) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor is anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party;

Error! Unknown document property name.

(d) the court and its personnel;

(e) court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their deposition, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided the witness signs the Acknowledgment. The author or recipient of a document containing Protected Material need not sign the Acknowledgment if they are a deponent. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) mock jurors who have signed the Acknowledgment;

(i) any mediator, and his or her staff, who is assigned to hear this matter; and

(j) with the prior consent of the Producing Party, any other person who has signed the Acknowledgment.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only toto:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) House Counsel and up to five additional officers, directors, employees, consultants, advisors, insurers, and/or reinsurers of a Party. A House Counsel who

Error! Unknown document property name.

is a member of the Bar of any state in the United States need not sign the Acknowledgment;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided the witness signs the Acknowledgment;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the Acknowledgment; and

(j) with the prior written consent of the Producing Party, any other person who has signed the Acknowledgment.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a document request, investigatory demand for documents, subpoena or a court order ("Document Demand") issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

Error! Unknown document property name.

EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the Document Demand;

(b)  promptly notify in writing the party who caused the Document Demand to issue in the other litigation that some or all of the material covered by the Document Demand is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the Document Demand shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as directing, authorizing, or requiring a Receiving Party in this Action to disobey a lawful order of any court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) Any subpoena to a Non-Party for documents or deposition testimony shall provide such Non-Party a copy of this Order.  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this

17

litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order and the relevant discovery request(s); and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality.

Error! Unknown document property name.

Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the Acknowledgment.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that if information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute automatic waiver of such privilege or protection either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The use at deposition of a document or other information with no clear facial indication that it is privileged or protected does not constitute a waiver of such privilege or protection either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Within 21 days of learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall give notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, and the obligations of the Receiving Parties are those set forth in the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *See* Fed. R. Civ. P. 26(b)(5)(B); Fed. R. Evid. 502(d)-(e).

If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice of its intent to do so to the Producing Party within 10 business days of the date of the Producing Party's written notice of the inadvertent disclosure.

**Error! Unknown document property name.**

The Receiving Party shall initiate the dispute resolution process under Local Rule 37-1 within ten (10) business days of services of the Receiving Party's notice disputing a claim of inadvertent production.

If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure. Pending the Court's ruling, the party challenging the assertion of privilege shall sequester the affected documents and materials and shall not make any use of such information.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  Neither this Order nor the production of Protected Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of such Protected Material.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.4 <u>Termination of Matter and Retention of Jurisdiction.</u>  The Parties agree

Error! Unknown document property name.

that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

12.5   Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.6   Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

12.7   Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

Error! Unknown document property name.

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, the Parties are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business, and Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

1

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3

DATED: February 8, 2023

4

5

/s/Erin B. Taylor
Thomas F.A. Hetherington*
tom.hetherington@mhllp.com
Jarrett E. Ganer*
jarrett.ganer@mhllp.com
Erin B. Taylor*
erin.taylor@mhllp.com
Hutson B. Smelley*
hutson.smelley@mhllp.com
Micah A. Grodin*
micah.grodin@mhllp.com
**MCDOWELL HETHERINGTON
LLP**
1001 Fannin Street, Suite 2400
Houston, TX  77002
Telephone:   713-337-5580
Facsimile:   713-337-8850
*Admitted Pro Hac Vice or Pro Hac
Vice motion filed*

   *Attorneys for Defendant*

/s/Jasjaap Sidhu
Steven Sklaver (237612)
ssklaver@susmangodfrey.com
Michael Gervais (330731)
mgervais@susmangodfrey.com
Glenn Bridgman (298134)
gbridgman@susmangodfrey.com
Jasjaap Sidhu (335862)
jsidhu@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Seth Ard (pro hac vice)
sard@susmangodfrey.com
Ryan C. Kirkpatrick (243824)
rkirkpatrick@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd
Floor
New York, NY 10019
Tel.: 212-336-8330
Fax: 212-336-8340

*Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Error! Unknown document property name.

1   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3   DATED: February 09, 2023

4

5   _____

6   Patricia Donahue
    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Error! Unknown document property name.

24

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *BOAGF Holdco LP v. Transamerica Life Insurance Company*, Case No. 2:22-cv-7859-JLS-PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**Error! Unknown document property name.**